

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-5-2003

# Summit Acad v. Summit

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3608

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Summit Acad v. Summit" (2003). *2003 Decisions*. Paper 479.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/479

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 02-3608

———

SUMMIT ACADEMY;
C.S.C. ACADEMY, INC.,

Appellees,

v.

THE TOWNSHIP OF SUMMIT,

Appellee,

WALLY YARACS,*

Appellant.

*(Pursuant to Rule 12(a),
Federal Rules of Appellate Procedure)

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 02-cv-0606)
District Judge:  The Honorable Donetta W. Ambrose

———

Submitted under Third Circuit LAR 34.1(a)
Thursday, May 15, 2003

Before:  RENDELL, SMITH and ALDISERT, <u>Circuit Judges</u>.

(Filed  June 5, 2003)

ALDISERT, <u>Circuit Judge</u>.

Wally Yaracs, a resident of the Township of Summit, appeals from the district court's Opinion and Order denying his application to intervene in a civil rights action. He applied after the case had been marked closed following a court-approved settlement.

Although there are several reasons for affirming, we conclude that it was not error to deny the application to intervene because it was not timely. The case was over, the action was settled and the case was marked closed before Appellant filed a petition to intervene.

Because we write only for the parties who are familiar with the facts and the proceedings at the trial court level, we will limit our discussion to the controlling legal precept.

I.

Under Rule 24(a), Federal Rules of Civil Procedure, a person is entitled to intervene if (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the applicant's ability to protect that interest may be impaired or impeded by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation. Although these requirements are

2

intertwined, Appellant bears the burden of proving each specific element in order to intervene as of right. <u>United States v. Alcan Aluminum</u>, 25 F.3d 1174, 1181 n.9 (3d Cir. 1994).

Against this legal backdrop, we superimpose the long-standing and well publicized nature of the parties dispute which is summarized in the following section. This combination of precept and fact compels us to look no further than the first requirement of Rule 24(a). We are persuaded that Appellant was on notice of the ongoing dispute and failed to file a timely application for intervention.

II.

By his own admission, Appellant is extremely interested in issues that are presented to the Board of Supervisors of Summit Township. In fact, in the fall of 2001, he was an unsuccessful candidate for an open position on the Board. In the years leading up to and including his candidacy, one of the most exacting issues facing the Board encompassed the heart of the present appeal.

In 1996, Summit Academy — a residential juvenile correction facility — arranged to buy a plot of land from the Capuchin Province of St. Augustine. At this time, the Township of Summit had no zoning ordinance pertaining to land use. Concerned about the Academy's potential land use, the Board began to pursue the passing of such an ordinance in the name of safety for local residents. Shortly thereafter, an article appeared in the local newspaper, the *Butler Eagle*, entitled "St. Fidelis to Be Youth Center," which

explained the proposed conversion of the seminary.  Local residents echoed the Board's concerns by forming an interest group called "Safe Areas for Everyone," (SAFE).

After a period of drafting and public hearings on the proposed ordinance, it was enacted in its final form on March 19, 1997, and it ostensibly prohibited Summit Academy's proposed use.  On May 5, 1997, the Township sent a Notice of Violation of the ordinance to the Academy, stating that because it was operating a "boarding home for sheltered care" that exceeds 30 residents, it had contravened the law.

The Academy appealed to the Summit Township Zoning Hearing Board on February 28, 2000.  The Hearing Board ruled in favor of the Academy and the Notice of Violation was dismissed.  The Township unsuccessfully appealed this decision to the Court of Common Pleas of Butler County and thereafter to the Commonwealth Court. This later appeal was withdrawn and the Common Pleas decision became final.

In March 2000, the Academy filed a building permit application that was denied by the Permit Officer on June 27, 2000.  The Academy appealed this denial.  After unsuccessful attempts to settle in the spring of 2001, during the pendency of this new dispute, the Township voted to amend the zoning ordinance in another attempt to limit the Academy's use of its land.  Following a variety of hearings, testimony and requests for meetings with which the parties are familiar, the Academy filed a civil rights action against the Township on March 28, 2002.  Details of this new action were carried on the front page of the *Butler Eagle* on April 3, 2002 in an article headlined "Summit Academy

4

Files Suit."

Settlement negotiations followed and on May 1, 2002, at a public meeting, the solicitor for the Township explained the terms of a resolution and consent order. When the floor was opened for public comment, no one came forward. The resolution was adopted by the supervisors and entered by the district court on May 2, 2002.

## III.

Mr. Yaracs did not attempt to intervene in this action until almost a month after the resolution was entered — on May 31, 2002. At the time he filed the petition, no action existed in which to intervene. The docket was closed, and the consent order resolved all outstanding issues between the parties. The dispute between the Township and the Academy no longer existed.

Under these circumstances, the district court discussed, in detail, the multiple reasons why it was denying the right to intervene. We affirm the district court for the reasons set forth in its thorough opinion with emphasis on the untimeliness of the motion to intervene.

\* \* \* \* \*

We have considered all contentions raised by the parties and conclude that no further discussion is necessary.

The judgment of the district court will be affirmed.

5

TO THE CLERK:

Please file the foregoing opinion.


/s/  <u>Ruggero J. Aldisert</u>
Circuit Judge

6